IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
IN THE MATTER OF:                )
                                 )
    M&S GRADING, INC.,           )
                                 )
              Debtor.            )
_____)
CONTRACTORS, LABORERS,           )
TEAMSTERS AND ENGINEERS HEALTH   )
& WELFARE PLAN, CONTRACTORS,     )
LABORERS, TEAMSTERS AND          )
ENGINEERS PENSION PLAN, DEAN     )
HIGHTREE, KIM QUICK, TOM         )
MERKSICK, CALVIN G. NEGUS,       )
VIC J. LECHTENBERG and EUGENE    )
LEA, TRUSTEES,                   )
                                 )
              Appellants,        )         8:07CV244
                                 )
         v.                      )
                                 )
M&S GRADING, INC.,               )
                                 )
              Appellee.          )
_____)
CONTRACTORS, LABORERS,           )
TEAMSTERS AND ENGINEERS HEALTH   )
& WELFARE PLAN, CONTRACTORS,     )
LABORERS, TEAMSTERS AND          )
ENGINEERS PENSION PLAN, DEAN     )
HIGHTREE, KIM QUICK, TOM         )
MERKSICK, CALVIN G. NEGUS,       )
VIC J. LECHTENBERG and EUGENE    )
LEA, TRUSTEES,                   )
                                 )
              Appellants,        )         8:07CV245
                                 )
         v.                      )
                                 )
M&S GRADING, INC.,               )         ORDER
                                 )
              Appellee.          )
_____)
```

This matter is before the Court on appellee M&S Grading's motion to dismiss this appeal and for an extension of

time to file its brief (Filing No. 6 in 8:07CV244; Filing No. 5 in 8:07CV245).  The appeals are from an order of the bankruptcy court denying two motions for approval of 2004 examinations[1] requested by the Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan, the Contractors, Laborers, Teamsters and Engineers Pension Plan, and the following trustees for the foregoing plans:  Dean Hightree, Kim Quick, Tom Merksick, Calvin G. Negus, Vic J. Lechtenberg and Eugene Lea (collectively, the "Plans").  The Court concludes that it does not have jurisdiction to hear these appeals and therefore the motions to dismiss will be granted and the motion for extension of time denied.

Under 28 U.S.C. § 158(a), the district courts have jurisdiction to hear bankruptcy appeals "(1) from final judgments, orders and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . . (3) with leave of the court, from other interlocutory orders and decrees" and in certain referral cases.  The parties agree that the orders here were not issued under 11 U.S.C. § 1121, and the bankruptcy court did not grant leave to appeal.  Whether the motions to dismiss these appeals should be granted or not therefore depends on whether the bankruptcy court's discovery orders are "final judgments, orders and decrees" within the meaning of § 158.

---

[1] A "2004 examination" is a discovery device under the Federal Rules of Bankruptcy Procedure which under certain circumstances allows examination of any entity on motion filed with the court.

-2-

In their brief in opposition to the motions to dismiss appeals, the Plans correctly note that the standard for finality in bankruptcy cases is somewhat lower than in other civil cases. "Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." 16 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3926.2. The Court of Appeals for the Eighth Circuit has also adopted "a more liberal standard of finality" for bankruptcy cases which "takes into consideration 'the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding.'" *Grovenburg v. Homestead Ins. Co.,* 183 F.3d 883, 885 (8th Cir. 1999). In *Grovenburg*, the Court held that the district court's order was final when it "resolved a discrete segment of the proceeding and nothing remain[ed] for the bankruptcy court to do but execute the order" and when it found that one of the parties would be forced to incur expenses even if it was later found not to have a duty to do so. *Id.*

In these cases, the discovery orders leave the bankruptcy court much to do in addition to executing the orders. The orders do not end the bankruptcy proceeding, nor do they resolve a discrete segment of the proceeding, such as a claim.

-3-

Moreover, "[p]retrial discovery orders are almost never immediately appealable."  *Union Pac. R.R. Co. v. ConAgra Poultry Co.*, 189 Fed. Appx. 576 (8th Cir. 2006); *See In re Towers Financial Corp.*, 164 B.R. 719, 720 (S.D.N.Y. 1994) ("Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right.").  Further, delay in obtaining review will not prevent the Plans from obtaining effective relief because they may appeal from final orders in this case to seek review of the bankruptcy court's discovery orders.  Finally, a later reversal on this issue will not require a recommencement of the entire proceeding because denials of discovery motions do not terminate the proceedings.  Therefore, the Court finds that the bankruptcy court's order denying the motion for approval of 2004 examinations was not a final order and as a result this Court lacks jurisdiction under 28 U.S.C. § 158(a).

The Plans also argue that if the order appealed from was not final, that this Court should treat the Plans' notice of appeal as a motion for leave to appeal. (Appellants' Br. 12-17; Filing No. 8.)  Federal Rule of Bankruptcy Procedure 8003(c) grants discretion to this Court to treat an improperly taken appeal as a motion for leave to appeal.  Other courts in this district have found it "helpful to apply the standards that govern certification of interlocutory appeals to the circuit courts" to guide their use of this discretion.  *Big Mac Marine,*

*Inc. v. Jensen*, 305 B.R. 309 (D. Neb. 2004).  The standard to certify an issue for appeal is if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b).  This Court finds the standard similarly helpful.  In this case, the proposed interlocutory appeals do not involve a controlling question of law because the discovery orders at issue are not final and the Court finds no substantial ground for a difference of opinion.  The Court therefore will decline to exercise its discretion to allow the Plans' notices of appeal to be treated as motions to appeal.  Accordingly,

IT IS ORDERED:

1) M&S Grading's motions to dismiss the appeal are granted; and

2) These actions are remanded to the United States Bankruptcy Court for further proceedings.

3) M&S Grading's motion for an extension of time to file its brief in 8:07CV244 is denied as moot.

DATED this 4th day of September, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court